IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM VICTOR POWELL,<br><br>Defendant. | No. CR86-3005-LRR<br>No. C05-3013-LRR<br><br>ORDER |

This matter comes before the court on the defendant's "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure" and application to proceed in forma pauperis. For the following reasons, the motion shall be dismissed and the application shall be denied.

## *I. BACKGROUND*

On September 10, 1986, the grand jury returned and the government filed an indictment against the defendant. On December 17, 1986, the grand jury returned and the government filed a superseding indictment against the defendant. On January 2, 1987, the defendant's jury trial commenced. On January 7, 1987, the jury found the defendant guilty of count one (Bank Robbery) and count two (Conspiracy) of the superseding indictment.[1] On February 20, 1987, the court conducted a dangerous special offender hearing pursuant to 18 U.S.C. § 3575 and determined the defendant qualified as a dangerous special

---

[1] The conduct charged in count one of the superseding indictment is in violation of 18 U.S.C. § 2113(a). The conduct charged in count two of the superseding indictment is in violation of 18 U.S.C. § 371.

offender. On the same day, the court sentenced the defendant as a dangerous special offender to twenty-five years for the bank robbery count and twenty-five years for the conspiracy count, with the sentences to run consecutively. On February 24, 1987, judgment entered against the defendant. On February 26, 1987, the defendant appealed. On August 4, 1988, the Eighth Circuit Court of Appeals affirmed the defendant's convictions and resulting sentence. *See United States v. Powell*, 853 F.2d 601 (8th Cir. 1988).

On May 1, 1989, the defendant filed a motion pursuant to 28 U.S.C. § 2255. On August 29, 1989, the court denied, in part, the defendant's 28 U.S.C. § 2255 motion and scheduled an evidentiary hearing. On January 22, 1990, the court conducted an evidentiary hearing and ordered additional briefing. On May 9, 1990, the court denied the defendant's 28 U.S.C. § 2255 motion in its entirety. On May 31, 1990, the defendant appealed. On or about January 14, 1991, the Eighth Circuit Court of Appeals affirmed the court's decision denying the 28 U.S.C. § 2255 motion.

On March 24, 2005, the defendant filed a "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure." In such motion, the defendant attacks the length of his sentence, that is, he disagrees with the court's decision to sentence him to 25 years of imprisonment, rather than 20 years of imprisonment, for count one and 25 years of imprisonment, rather than 5 years of imprisonment, for count two. The defendant argues the court impermissibly utilized 18 U.S.C. § 2575 to enhance his sentence. To support his argument, the defendant relies on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and other cases that preceded it. As relief, the defendant demands that the court vacate or correct his sentence. He believes the court should resentence him so that his sentence complies with the facts that the jury

found beyond a reasonable doubt. On the same date, the defendant filed an application to proceed in forma pauperis.

The court now turns to consider the defendant's "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure" and application to proceed in forma pauperis.

## II. ANALYSIS

### 1. Rule 35(a) Motion

The defendant's motion to correct his illegal sentence is brought under Rule 35 of the Federal Rules of Criminal Procedure. Such rule, as it stood when the court sentenced the defendant, provides:

> Correction or Reduction of Sentence
>
> (a) Correction of a Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

*See* Fed. R. Crim. P. 35 (stating rule applicable to offenses committed prior to November 1, 1987); *see also United States v. Ledbetter*, 882 F.2d 1345, 1347 n.5 (8th Cir. 1989)

(indicating offense at issue occurred prior to November 1, 1987 and therefore prior Rule 35 applied to case).[2]

The defendant's "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure" is exactly the type of challenge properly submitted as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"); *cf. United States v. Gleason*, 753 F.2d 83 (8th Cir. 1985) (determining district court lacked jurisdiction under 28 U.S.C. § 2255 where defendant did not challenge the sentence itself but the execution of the sentence). In light of the relief sought, the defendant should have relied upon 28 U.S.C. § 2255 rather than Rule 35(a) of the Federal Rules of Criminal Procedure to invoke the jurisdiction of the court. When construed as a challenge pursuant to 28 U.S.C. § 2255, the instant challenge constitutes a second or successive 28 U.S.C. § 2255 motion because the defendant previously sought relief under such statute. Consequently, the defendant, before filing his motion, needed to move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider his motion. *See* 28 U.S.C. § 2244(b)(3)(A).[3]

---

[2] Rule 35(a) of the Federal Rules of Criminal Procedure now provides:
Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

[3] 28 U.S.C. § 2244(b)(3)(A) provides:
Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The defendant appears to be seeking relief under Rule 35(a) of the Federal Rules of Criminal Procedure in order to avoid the requirement in 28 U.S.C. § 2244(b)(3)(A) that he obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion. It is well settled that inmates may not circumvent the procedural requirement associated with bringing a second or successive 28 U.S.C. § 2255 motion by relabeling the motion. *United States v. Patton*, 309, F.3d 1093, 1094 (8th Cir. 2002) (affirming decision which denied defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the Eighth Circuit Court of Appeals has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure) (citing *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (writ of coram nobis); *Lurie*, 207 F.3d at 1077 (28 U.S.C. § 2241 motion); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (42 U.S.C. § 1983 claim); *Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997) (motion to recall mandate); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996) (Fed. R. Civ. P. 60(b)(6) motion)); *see also United States v. Matlock*, 107 Fed. Appx. 697, 698 (8th Cir. 2004) (Fed. R. Civ. P. 60(b) motion) (citing *Patton*, 309 F.3d at 1093). "[B]oth the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file 28 U.S.C. § 2241 motion in lieu of a proper 28 U.S.C. § 2255 motion). Thus, Federal Rule of Criminal Procedure 35(a) does not provide the defendant with authority to correct his sentence because the defendant's motion appears, on its face, to be a second 28 U.S.C. § 2255 motion and the defendant did not move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider such motion. *Cf. Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (directing district court "to file and then dismiss [. . .] motion under Rule

60(b)(6) of the Federal Rules of Civil Procedure because it is, on its face, a second or successive 28 U.S.C. § 2255 [motion]"). Accordingly, the defendant's "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure" shall be dismissed. *Id.* (instructing courts to dismiss motion which is second or successive 28 U.S.C. § 2255 motion for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals).

Alternatively, the defendant's reliance on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to challenge his conviction and resulting sentence is unavailing. On January 12, 2005, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to the Federal Sentencing Guidelines). In addition, the Supreme Court, with respect to the appropriate remedy, instructed courts to apply *Booker* or its "holdings–both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act–to all cases on direct review." *Booker*, ___ U.S. at ___, 125 S. Ct. at 769, 160 L. Ed. 2d at 665 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)). Given such instruction, the court finds the Supreme Court does not intend for its holdings in *Booker* to apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 307, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (prohibiting the application of new rules of criminal procedure on collateral review, except where the new rule places certain kinds of conduct beyond the power of the government to proscribe or

requires the observance of procedures that are "implicit in the concept of ordered liberty"). Consequently, the defendant's argument which relies on *Booker* fails.[4] With respect to the other cases the defendant cites, the court finds them equally unavailing. Accordingly, the defendant's "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure" shall be denied.

## 2. Application to Proceed In Forma Pauperis

With respect to the defendant's application to proceed in forma pauperis, a fee is not associated with filing a motion under Rule 35. Accordingly, the defendant's application to proceed in forma pauperis shall be denied as moot.

**IT IS THEREFORE ORDERED**:

1) The defendant's "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure" is DISMISSED for failure to comply with 28 U.S.C. § 2244(b)(3)(A).

---

[4] The court notes the Eighth Circuit Court of Appeals has not addressed whether *Booker* applies retroactively on collateral review. Nonetheless, a review of applicable case law indicates the consensus of circuit courts is that *Booker* does not apply retroactively on collateral review. *See, e.g., Cirilo-Munoz v. United States,* No. 02-1846, 2005 U.S. App. LEXIS 6343 (1st Cir. Apr. 15, 2005); *Guzman v. United States*, 404 F.3d 139, No. 03-2446, 2005 U.S. App. LEXIS 5700 (2d Cir. Apr. 8, 2005); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005). *Cf. In re Elwood*, No. 05-30269, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005) (denying permission to file a second or successive motion under 28 U.S.C. § 2255); *In re Olopade*, No. 05-1617, 2005 U.S. App. LEXIS 5886, at *1 (3d Cir. Apr. 11, 2005) (same); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (same).

2) Alternatively, the defendant's "motion to correct his illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure" is DENIED because the holdings of *Booker* are not applicable to his sentence.

3) The defendant's application to proceed in forma pauperis is DENIED as moot.

**DATED** this 13th day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA